

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,874-01

### EX PARTE VICTOR AZIZ TORKIZADEH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-DCR-051353-HC1 IN THE 268TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of manslaughter and sentenced him to twenty years' imprisonment.

In habeas, Applicant alleged, *inter alia*, that the investigating defective gave false and/or misleading testimony at his trial and that trial counsel should have countered it with evidence available to counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). The claims based on alleged false testimony were remanded; the remaining claims lacked merit or were procedurally barred.

On remand, the trial court obtained affidavits from trial counsel, the testifying detective, and the trial prosecutor. The State also provided documentary evidence. The trial court has entered findings that the affidavit testimony from counsel, the detective, and the prosecutor is credible and that Applicant lacks credibility. The trial court has also entered findings based on the documentary evidence provided by the State. The trial court's findings after remand are supported by the record. Based on these findings and based on this Court's independent review of the record, we hold that Applicant fails to show entitlement to habeas relief. Applicant's application for a writ of habeas corpus is denied.

Filed: September 18, 2019
Do not publish